**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

James Schwier,

Plaintiff,

Case No. 26-cv-4108 (DWF/DJF)

v.

Nanocopoeia, LLC; PXMMI, LLC; Flex Pharma, LLC; David Frauenshuh Revocable Trust dated March 16, 1990; and David R. Frauenshuh,

Defendants.

**ORDER**

---

This matter is before the Court on Plaintiff James Schwier's *Motions to Stay Litigation and for Leave to Conduct Jurisdictional Discovery* ("Motion") (ECF No. 5). Plaintiff asks the Court to stay the litigation and for leave to conduct limited jurisdictional discovery for the purpose of verifying subject matter jurisdiction based on diversity of citizenship of Defendants Nanocopoeia, LLC; PXMMI, LLC; Flex Pharma, LLC (together "LLCs"); and the David Frauenshuh Revocable Trust dated March 16, 1990 ("Trust"). Defendants David R. Frauenshuh and the Trust filed their Response and state no opposition to Plaintiff's requests. (ECF No. 15.) The remaining Defendants did not respond within the deadline established by the Court (*see* ECF No. 11).

Plaintiff "bears the burden of proof that the prerequisites to jurisdiction are satisfied." *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 324 (D. Minn. 2008) (citing *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993)). As the Court explained in its previous order (ECF No. 4), alleging the citizenship of an LLC requires alleging the citizenship of each member and sub-member (and so on) of the LLC. *See, e.g., OnePoint Sols., LLC. v. Borchert*, 486, F.3d 342, 347 n.4 (8th Cir. 2007); *Key Enterprises, LLC v. Morgan*, 12-cv-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013). The citizenship of a trust depends on the nature of the

trust. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383-384 (2016). When alleging the citizenship of a traditional trust, it is the citizenship of the trustees that must be considered for diversity jurisdiction purposes. *Id.* at 383 (citing *Navarro Savings Assn. v. Lee*, 446 U.S. 458, 462–466 (1980)). However, the citizenship of a business or real estate investment trust depends on the citizenship of each of the trust's members or beneficiaries. *Id.* ("So long as such an entity [a trust that is not traditional] is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members."). Here, the Complaint (ECF No. 1) asserts no facts concerning the nature of the Trust.

Therefore, the Court will permit jurisdictional discovery in this case as to: (1.) the identities and citizenships of the members and sub-members of each LLC; (2.) the nature of the Trust; and (3.) the citizenship of the Trust's trustee, or its members or beneficiaries, depending on the nature of the Trust. Following the completion of such jurisdictional discovery, Plaintiff shall be permitted to file an Amended Complaint asserting the facts necessary to establish diversity jurisdiction consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED** that for good cause shown, the Court **GRANTS** Plaintiff's Motion (ECF No. 5) as follows:

1. Plaintiff shall have until **January 25, 2027** to conduct discovery related to the citizenship of Defendants consistent with this Order. The case will continue to be otherwise stayed during this period.

2. Plaintiff shall file an Amended Complaint by **February 8, 2027**. This Amended Complaint shall not constitute an amendment as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1).

3. Plaintiff shall file proof of service of the Amended Complaint on all Defendants by **February 22, 2027**.

4. Defendant shall answer or otherwise respond to the Amended Complaint by **March 15, 2027**.

Dated: October 27, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge